## B. F. Wilson, Appellee, v. Byard Griffith, Appellant.

NEGOTIABLE INSTRUMENTS—*what evidence competent by way of defense.* In an action upon a promissory note it is error for the court to exclude evidence which tends to show endorsement to the plaintiff after maturity and actual notice to the plaintiff, prior to obtaining the note by assignment, of the fact of payment.

Assumpsit. Appeal from the Circuit Court of De Witt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed March 30, 1910.

JOHN FULLER, for appellant.

LEMON & LEMON and GEORGE B. RHOADS, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Appellee brought an action of assumpsit against appellant on two notes for $500 each, one dated September 1, 1896, due eighteen months after date, payable to Savilla Curry, signed by Byard Griffith, appellant, and H. S. Griffith; the other dated September 24, 1896, payable one year after date to the order of William Curry, signed by Byard Griffith, appellant, H. B. Griffith and Savilla Curry.

The declaration consisted of three special counts and the common counts.

The defense presented by the pleas were that the notes had been paid; that they were assigned to appellee after maturity and that appellee purchased them with full notice that they had been paid; that at the time of payment the notes belonged to and were in the possession of W. J. Curry and that the plaintiff had full notice of such payment before he came into possession of the notes.

The note of date September 1, 1896, was payable to the order of Savilla Curry. This note was endorsed

by her to W. J. Curry, by him to O. O. Storm and by
O. O. Storm to B. F. Wilson, appellee herein.

The note of date September 24, 1896, was payable to
the order of W. J. Curry and was endorsed September
2, 1899, by him to Mart L. Herrin and by Mart L. Her-
rin to B. F. Wilson, the appellee herein.

Upon the trial, the court on motion of appellee di-
rected a verdict for appellee upon both notes. The jury
returned a verdict in accordance with the direction of
the court, judgment was rendered thereon, from which
judgment this appeal is prosecuted.

Appellant insists upon a reversal of the cause and
assigns as error therefor the action of the court in di-
recting a verdict for appellee.

The note of date September 24, 1896, payable to
the order of W. J. Curry bears his endorsement of
September 2, 1899. This note having matured one
year after it is dated, this assignment upon its face,
therefore, to Mart L. Herrin, the first assignee, was
after maturity and he did not become an innocent pur-
chaser for value. . This note, therefore, was subject to
any defenses that might have been made by the maker
as against the original payee, W. J. Curry; there being
no date to the assignment from Mart L. Herrin to B.
F. Wilson, appellee, without proof that the first assign-
ment of September 2, 1899, was not the correct date of
that assignment, the most favorable presumption that
could be made as to the time of the assignment to B. F.
Wilson, appellee, would be that the assignment made
to him was of the same date, September 2, 1899, which
was long after maturity.

The note of date September 1, 1896, payable to Sa-
villa Curry and endorsed by her to W. J. Curry, and
by him to O. O. Storm and by him to appellee, B. F.
Wilson, there being no date to these assignments, the
presumption is that they were assigned before ma-
turity and that appellee took the same as an innocent
purchaser for value and any subsequent endorsee, al-
though after maturity, took it with all the rights of the

first endorsee as to any defenses which could have been made against W. J. Curry, the first endorsee.

Upon the trial of this cause under the pleas filed, appellant attempted to show that before such assignment and delivery was made to appellee, and before he became owner thereof he was actually notified, and had actual notice that the notes had been paid to W. J. Curry, while he owned them. To this evidence objection was sustained by the trial court and appellant was not permitted to show these facts.

As to the note of date September 24, which bears the first assignment to W. J. Curry, assignee of date September 2, 1899, having been assigned after maturity to appellee, and there being no evidence in the record that that date was not the true date of assignment, this defense was proper as against this note and should have been permitted.

As to the other note of date September 1, 1896, the note having been first assigned to W. J. Curry, the evidence of appellant which was offered, to show that the note had been paid to W. J. Curry, while he was the owner of the note, was admissible as against appellee, a subsequent endorsee. If W. J. Curry had been suing on this note, the fact that it had been paid to him, although he became an innocent purchaser for value before maturity, would have been a proper defense and if appellee purchased this note with actual notice of its payment before his purchase, then he was not an innocent purchaser for value without notice and could not have taken the note in good faith, and this defense of payment was proper against this note. While the presumption is that appellee, a subsequent endorsee, received it as an innocent holder for value before maturity, this presumption may be rebutted by evidence that appellee received it with actual notice of its payment, but it would devolve upon the appellant herein to show by a preponderance of the evidence such payment and notice to appellee.

The trial court erred in refusing the evidence offered

by appellant to show that the endorsement was after maturity and also the evidence offered to show that appellee had actual notice of payment to Curry. This evidence should have been received and the question submitted to the jury.

It was error in the trial court to direct this verdict and to render judgment on the verdict and the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*