## B. F. Wilson, Appellant, v. Bayard Griffith, Appellee.

1. NEGOTIABLE INSTRUMENTS—*when assignee not innocent purchaser.* Where notes are assigned before maturity and paid while owned by the assignee, his assignee taking with notice of payment is not an innocent purchaser.

2. EVIDENCE—*when testimony of maker of note of payment to payee competent.* Conceding that on action on a note where payment is alleged, evidence of the maker that he paid the payee is not evidence of payment without a showing that the payee owned

the note at the time, yet such evidence is competent to corroborate the payee's evidence that he paid an indorsee who owned the note.

3. APPEALS AND ERRORS—*when party cannot object to exclusion of evidence*. Where in an action on a note a separation agreement between the payee and her indorsee is refused admission because of an objection by one of the parties, such party cannot complain on appeal that he was not permitted to show the transaction relating to it.

4. EVIDENCE—*when testimony as to payment of note not prejudicial*. On action on a note where all the facts as to payment are before the jury, the fact that the maker and payee are allowed to state that the note was paid is not prejudicial to the plaintiff, an indorsee.

Action on promissory notes. Appeal from the Circuit Court of DeWitt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912.

LEMON & LEMON and GEORGE B. RHOADES, for appellant.

JOHN FULLER, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is the second appeal of this case to this court; a former judgment for appellant upon a verdict directed by the trial court was reversed and remanded. Upon the retrial, appellee recovered a judgment.

This action is based upon two promissory notes, both of which bear date September 1, 1896, one for three hundred dollars, due one year after date, the other for five hundred dollars, due eighteen months after date, each bearing seven per cent interest per annum from maturity; both notes were payable to Savilla Curry and were both signed by Bayard Griffith and H. S. Griffith.

The note for three hundred dollars bears the following endorsements:

Pay to W. J. Curry, Savilla Curry.
Sep. 17, 1897, Rec'd by cash, $200.

Pay to O. O. Storm without recourse, W. J. Curry.

Pay to B. F. Wilson without recourse, O. O. Storm.

The five hundred dollar note bears the following endorsements:

Pay to W. J. Curry, Savilla Curry.

Pay to O. O. Storm, without recourse, W. J. Curry.

Pay to B. F. Wilson without recourse, O. O. Storm.

This cause of action has been tried four times, with three verdicts for the defendant in the trial court, and one verdict directed for the plaintiff, which was reversed in this court. In each of the other trials another note was involved, but it was not offered in evidence in the last trial. The payee of the notes is the wife of W. J. Curry, the first endorsee.

There were only two questions involved in this controversy, one whether the notes in question were paid by the maker to the endorsee, W. J. Curry, or his agent while the notes were owned by him, the other whether plaintiff is an innocent purchaser of these notes.

These notes were given September 1, 1896, for the rent of a farm which Savilla Curry leased to her son, Bayard Griffith; the record discloses that the notes were assigned to W. J. Curry before maturity, the exact date of their assignment not being shown.

It is conceded that the payment of two hundred dollars endorsed on the three hundred dollar note of date September 17, 1897, was paid on that date by Savilla Curry to W. J. Curry and that W. J. Curry was then the owner of the note. No payments were made by Bayard Griffith to W. J. Curry, but payments on these notes, which were for the rent of the farm of Savilla Curry, were made direct to her, without inquiry as to whether or not she was then the owner of the note and without seeing that any endorsements were made upon the notes; Savilla Curry testifies that she paid W. J. Curry the amounts which Bayard Griffith paid to her on account of these notes; these payments, except the one of two hundred dollars, Septem-

ber 17, 1897, are denied by W. J. Curry, and it was a question of fact for the jury to determine from all the evidence whether or not payments were made as claimed by appellee. If these payments were so made, at a time when W. J. Curry owned these notes, then as to W. J. Curry, this was a payment of these notes and no assignee of W. J. Curry who took these notes with knowledge of such facts could maintain an action thereon. Savilla Curry testifies that she made these payments to W. J. Curry between September 17, 1897, and Christmas, 1898; W. J. Curry delivered to Mort L. Herron, a grocer in Shelbyville, Illinois, two notes, one for five hundred dollars and one of the value of three hundred dollars, Herron received these notes during the fall of the year 1899. After this grocery bill was paid, he either returned these notes to W. J. Curry or delivered them to appellant Wilson at the request of Curry. If these two notes were the ones in question, then the notes were owned by W. J. Curry at the time of the payments alleged to have been made by Savilla Curry to him. Savilla Curry testifies that Wilson came to her in the fall of 1899 and showed her these notes, that they were past due and he wanted to know what she had to say about them. She testifies that she told him then the notes were paid. If this conversation took place as related by Mrs. Curry, then Wilson had notice that the notes were paid, and was not an innocent purchaser, although the notes were first assigned to W. J. Curry before maturity. When this case was before this court at a prior term and in the opinion reported in 155 Ill. App. 180, we there held, and see no reason now to change our views, that although the notes were assigned before maturity to W. J. Curry, if after such assignment and while he was the owner thereof; the notes were paid to him, an assignee of his, taking the notes with such notice of payment was not an innocent purchaser.

The questions involved in the trial of this cause

were questions of fact, and if the cause was submitted to the jury without error in the rulings of the trial court in the admission and rejection of evidence and the giving of instructions, and the verdict is not clearly and manifestly against the weight of the evidence, then the verdict of the jury will not be disturbed by this court. The jury by their verdict have found all questions of fact against the contention of the appellant, and there is sufficient evidence in this record to support their verdict.

It is insisted by appellant that the court erred in sustaining a motion to exclude the statement by Bayard Griffith, one of the makers of the notes, that he had paid them, this statement was held to be a conclusion by the court and excluded from the jury. Defendant Griffith was entitled to show that he had paid the money to his mother, the payee of the note, and while this was not evidence of the payment of the note without showing that she at that time owned the notes, the evidence was competent as a matter of corroboration of her evidence that she had paid W. J. Curry the amount due on these notes.

Appellant also insists that the court erred in refusing to permit him to show that certain moneys paid or left by W. J. Curry with Mort. L. Herron was left at the time of and is a part of the transaction concerning which defendant offered exhibit number one. Defendant's exhibit number one related to a separation agreement between W. J. Curry and Savilla Curry, and was refused admission in evidence on account of the objection of appellant; this agreement not being before the jury by reason of the objection of appellant, appellant cannot now complain that he was not permitted to show the transaction relating to it.

All the facts which were relied on to constitute payment were before the jury, the fact that defendant or Mrs. Curry were permitted to answer that the notes were paid was not prejudicial to the appellant.

Plaintiff criticizes the giving, on the part of the defendant, of the instruction marked "K," upon the contention that it singles out certain evidence or brings it before the jury with undue prominence. The instruction does not contain any reference to any evidence whatever, and why this criticism should be made we are unable to see.

While the record is not absolutely free from error, we do not find any error therein which can be held to be prejudicial to the plaintiff, and considering the fact that the defendant has had three verdicts in the trials of this cause, we think it is time that this litigation should end.

The judgment is affirmed.

*Affirmed.*